WALTER E. SCOTT, JR. v. ALLSTATE INSURANCE COMPANY

No. 8126SC1002

(Filed 18 May 1982)

**Insurance § 74— automobile collision insurance—notice of expiration not required**
    Defendant insurer was under no legal duty by reason of statute, agreement, custom or course of dealing to notify plaintiff insured of the expiration of his motor vehicle collision insurance.

APPEAL by plaintiff from *Burroughs, Judge.* Order entered 24 July 1981 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 4 May 1982.

Plaintiff appeals from an order granting summary judgment in favor of defendant.

On 27 March 1976, plaintiff applied to defendant for liability and collision insurance on his 1976 Chevrolet van. Plaintiff paid the specified premium, and defendant added the coverage to a policy initially issued to plaintiff on 12 March 1976. The stated termination date of plaintiff's policy was 12 March 1977.

---

**Scott v. Allstate Insurance Co.**

---

On 30 March 1977, plaintiff had a collision which resulted in the total destruction of his truck. He unsuccessfully sought reimbursement from defendant under the terms of the insurance policy. Defendant denied coverage. Plaintiff subsequently filed a complaint. Defendant answered and moved for summary judgment.

Both parties presented affidavits for the court's consideration. Defendant's evidence showed that on 4 January 1977, it mailed plaintiff a letter informing him of increased rates for renewed collision coverage. If plaintiff desired coverage, he should contact one of defendant's agents. The letter noted that the date plaintiff's current coverage would stop was 12 March 1977. Defendant received no response and no premiums to provide collision coverage after 12 March 1977. On that date, collision coverage expired.

Plaintiff testified that he never received the January letter. The only letter he received was one of 3 April 1977 advising him of the cancellation of his insurance coverage on 11 April 1977 for nonpayment of premiums. Plaintiff believed that until that date, his collision coverage was in effect.

After considering the pleadings, affidavits, and arguments of counsel, the court concluded there was no genuine issue as to any material fact and that defendant was entitled to summary judgment as a matter of law. It granted defendant's motion.

*James, McElroy and Diehl, by Gary S. Hemric, for plaintiff appellant.*

*Walker, Palmer and Miller, by Robert P. Johnston, for defendant appellee.*

VAUGHN, Judge.

At issue on appeal is whether defendant was required to give plaintiff notice of nonrenewal of his collision coverage at the expiration of the policy's stated period. If plaintiff was entitled to such notice, then there exists an issue as to whether notice was ever mailed and summary judgment was improper. *See White v. Insurance Co.*, 226 N.C. 119, 36 S.E. 2d 923 (1946). We hold, however, that notice was not a material fact in the present action. The court properly ordered summary judgment.

Insurance policies are usually for a short period with provisions for renewal upon payment and acceptance of premiums. Where there is a stated expiration date, such as in plaintiff's policy, courts in general do not require the insurer to give notice of expiration or of an intent not to renew automatically. 13A J. Appleman, Insurance Law and Practice § 7642 (1976). The insured is charged with knowledge of the terms of his policy.

In some circumstances, however, a duty of notification may arise because of statute, custom, or agreement between the parties. *Id.*, *E.g.*, *Kapahua v. Haw'n Ins. & Guar. Co.*, 50 Hawaii 644, 447 P. 2d 669 (1968); *Waynesville Security Bank v. Stuyvesant Ins. Co.*, 499 S.W. 2d 218, 222 (Mo. App. 1973). In the present case, plaintiff concedes that defendant was under no statutory duty to notify him of expiration of collision insurance coverage. G.S. 20-310 governs only termination of liability coverage. Plaintiff contends that defendant's duty rested upon agreement and custom.

Plaintiff asserts that defendant expressly agreed to provide plaintiff with notice in paragraph 19 of the policy. That section states that defendant may cancel the policy by mailing to the insured written notice not less than ten days prior to when cancellation shall be effective. Plaintiff, however, mistakenly equates cancellation with nonrenewal. Cancellation occurs when the insurer unilaterally terminates a policy then in effect *before* the end of the stated term. Where defendant did not terminate coverage until the end of the stated date, the policy was not cancelled. It lapsed. The notice provisions of paragraph 19 are, therefore, not applicable. *See Waynesville Security Bank v. Stuyvesant Ins. Co.*, 499 S.W. 2d at 220.

Plaintiff next argues that defendant's attempted notification demonstrates that defendant customarily gave notice of nonrenewal to its policyholders. In order to establish a duty because of custom, however, plaintiff must show not only the existence of the custom but also his knowledge of it. Plaintiff has failed to do so. There is no evidence that he knew of defendant's practice with other policyholders. Neither is there any evidence of a course of dealings between the parties such that plaintiff could reasonably infer defendant would either notify him of termination or automatically renew collision coverage.

In the absence of statute, agreement, custom or course of dealings to the contrary, we conclude that defendant had no legal duty to give plaintiff notice of expiration of his collision coverage. The coverage stopped at the end of the policy period on 12 March 1977. Plaintiff made no premium payments after that date. Therefore, at the time of plaintiff's accident on 30 March 1977, plaintiff had no right to reimbursement from defendant.

The order granting defendant's motion for summary judgment is affirmed.

Affirmed.

Judges MARTIN (Robert M.) and ARNOLD concur.