ASSOCIATES FINANCIAL SERVICES OF AMERICA, INC., PLAINTIFF v. NORTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, DEFENDANT

No. COA99-765

(Filed 18 April 2000)

## 1. Insurance— homeowners—failure to renew—notice

The trial court did not err by granting summary judgment for defendant-insurer where a homeowner's policy did not remain in effect subsequent to its expiration date because the homeowner failed to pay the premium. Although plaintiff-mortgagee argued that defendant failed to give proper notice of

ASSOCIATES FIN. SERVS. OF AM. v. N.C. FARM BUREAU MUT. INS. CO.

[137 N.C. App. 526 (2000)]

nonrenewal under N.C.G.S. § 58-41-20, the statutory notice requirements apply when the insurer "refuses to renew," which occurs when the insurer indicates an unwillingness to renew. In this case, the undisputed facts show that defendant mailed two renewal declarations to the homeowner that indicated a willingness to renew the policy.

## 2. Insurance— homeowners—expiration—not renewed due to nonpayment of premium—not a cancellation

The trial court did not err by granting summary judgment for defendant insurance company in an action arising from the destruction of a homeowner's property after the policy expired. Although plaintiff-mortgagee argued that defendant's attempted cancellation of the policy did not comply with N.C.G.S. § 58-41-15 and was ineffective, the policy expiration resulted from not renewing the policy due to nonpayment of premium rather than a cancellation within the statutory meaning.

## 3. Insurance— homeowners—expiration—notice to mortgagee

The trial court did not err by granting summary judgment for defendant-insurer in an action arising from the destruction of a home where plaintiff-mortgagee contended that the terms of the policy required defendant to notify plaintiff of the expiration of the policy. The policy contained a clause which required notification if defendant unilaterally determined that it would cancel or not renew the policy, but defendant extended an offer to renew to the homeowners and the policy lapsed when they unilaterally determined that they would not accept the offer to renew. Although the policy does give the impression that plaintiff would have the opportunity to pay the premium, the court must construe the contract by its terms.

Appeal by plaintiff from order filed 29 March 1999 by Judge Claude S. Sitton in Rutherford County Superior Court. Heard in the Court of Appeals 14 March 2000.

*J. Thomas Davis, for plaintiff-appellant.*

*Cloninger, Lindsay, Hensley, Searson & Arcuri, P.L.L.C., by Patricia L. Arcuri, for defendant-appellee.*

ASSOCIATES FIN. SERVS. OF AM. v. N.C. FARM BUREAU MUT. INS. CO.

[137 N.C. App. 526 (2000)]

GREENE, Judge.

Associates Financial Services of America, Inc. (Plaintiff) appeals a 29 March 1999 order granting summary judgment in favor of North Carolina Farm Bureau Mutual Insurance Company (Defendant) and denying Plaintiff's motion for summary judgment.

The undisputed facts show that on 22 March 1995, Jerry D. Moore and Ann A. Moore (collectively, the Moores) received a loan from Plaintiff for $29,496.75 pursuant to the terms of a promissory note signed by the parties. Under the terms of the promissory note, the loan was secured by a deed of trust for a house and property (the property) located in Rutherford County, North Carolina.

In 1996, Defendant insured the property under a homeowners policy numbered HP5187512 (the policy), and the policy coverage began on 28 August 1996 and expired on 28 August 1997. Under the terms of the policy, Defendant would bill the Moores for premiums due. Plaintiff was designated as a mortgagee of the property in the policy; however, premium payments were paid directly from the Moores to Defendant and were not included in the Moores' payments to Plaintiff under the promissory note. The policy contained, in pertinent part, the following clause:

**Mortgage Clause.**

. . . .

If we deny your claim, that denial will not apply to a valid claim of the mortgagee, if the mortgagee:

a. Notifies us of any change in ownership, occupancy or substantial change in risk of which the mortgagee is aware;

b. Pays any premium due under this policy on demand if you have neglected to pay the premium; and

c. Submits a signed, sworn statement of loss within 60 days after receiving notice from us of your failure to do so. . . .

If we decide to cancel or not to renew this policy, the mortgagee will be notified at least 10 days before the date cancellation or nonrenewal takes effect.

On 26 July 1997, Defendant mailed to Plaintiff and the Moores a policy renewal declaration. The declaration stated: "COVERAGE

ASSOCIATES FIN. SERVS. OF AM. v. N.C. FARM BUREAU MUT. INS. CO.

[137 N.C. App. 526 (2000)]

WILL EXPIRE ON 08/28/97 IF PREMIUM IS NOT PAID BY THE DUE DATE SHOWN ON THE STUB BELOW," and the due date provided was 28 August 1997. Wilma Robertson (Robertson), an employee of Plaintiff, conceded in an affidavit filed 25 February 1999 that Plaintiff received this declaration.

On 4 August 1997, Defendant mailed to Plaintiff and the Moores a corrected renewal declaration. The corrected declaration stated: "COVERAGE WILL EXPIRE ON 08/28/97 IF PREMIUM IS NOT PAID BY THE DUE DATE SHOWN ON THE STUB BELOW. REASON FOR AMENDMENT CHANGE CLASS." The due date provided was 5 September 1997, and Bob Adams, an agent of Defendant, stated in an affidavit filed on 22 March 1999 that the "change in protection class did not in any way change the material terms of the policy." Robertson conceded in her affidavit Plaintiff received this corrected declaration.

Defendant did not receive payment of the premium due under the policy, and Defendant contends that on 20 September 1997 it mailed to Plaintiff and the Moores a notice of expiration of the policy. The notice stated:

> Our records indicate that by failing to pay [the] renewal premium, you have allowed this important policy to expire.

> The "PREMIUM DUE" shown above is the amount required to reinstate the policy. . . .

> . . . .

> We hereby cancel the mortgagee agreement/loss payee clause/additional insured endorsement which is made part of the above mentioned policy and also the above mentioned policy issued to the insured named above on [28 August 1997].

> . . . .

> YOU WILL, THEREFORE, PLEASE TAKE NOTICE THAT AT AND FROM THE HOUR AND DATE MENTIONED ABOVE, THE SAID AGREEMENT AND THE SAID POLICY IS TERMINATED AND CEASES TO BE IN FORCE. HOWEVER, IF THE EXPIRATION DATE SHOWN ABOVE HAS PASSED, YOUR INTEREST, AS MORTGAGEE/LOSS PAYEE/ADDITIONAL INSURED, IS PROTECTED FOR TEN (10) DAYS FROM THE DATE THIS NOTICE IS MAILED.

ASSOCIATES FIN. SERVS. OF AM. v. N.C. FARM BUREAU MUT. INS. CO.

[137 N.C. App. 526 (2000)]

Robertson stated in her affidavit Plaintiff did not receive the 20 September 1997 notice of expiration.

On 3 November 1997, the property was destroyed by fire, and Plaintiff subsequently filed a claim with Defendant based on the policy. The claim was denied on the ground coverage of the property had lapsed prior to the date of the fire, and on 18 June 1998 Plaintiff filed suit against Defendant for funds due under the policy. Plaintiff's complaint alleged "[D]efendant failed to notify . . . [P]laintiff of any cancellation of its policy of insurance prior to cancellation as required by its policy and North Carolina law." On 29 March 1999, the trial court granted summary judgment in favor of Defendant on the ground the pleadings and affidavits did not raise a genuine issue of material fact and denied Plaintiff's motion for summary judgment.

---

The issues are whether: (I) Defendant's failure to renew the policy for nonpayment of the premium was a "refus[al] to renew" the policy pursuant to N.C. Gen. Stat. § 58-41-20; (II) Defendant's failure to renew the policy for nonpayment of the premium was a "cancellation" of the policy pursuant to N.C. Gen. Stat. § 58-41-15; and (III) the terms of the policy required Defendant to notify Plaintiff of the Moores' failure to renew the policy prior to the expiration of the policy.

I

[1] Plaintiff argues Defendant failed to give proper notice of nonrenewal of the policy pursuant to N.C. Gen. Stat. § 58-41-20, and the policy, therefore, remained in effect subsequent to the 28 August 1997 expiration date. We disagree.

North Carolina General Statute section 58-41-20 provides:

(a) No insurer may *refuse to renew* an insurance policy except in accordance with the provisions of this section, and any nonrenewal attempted or made that is not in compliance with this section is not effective. . . .

(b) An insurer may *refuse to renew* a policy that has been written for a term of one year or less at the policy's expiration date by giving or mailing written notice of nonrenewal to the insured not less than 45 days prior to the expiration date of the policy.

. . . .

ASSOCIATES FIN. SERVS. OF AM. v. N.C. FARM BUREAU MUT. INS. CO.

[137 N.C. App. 526 (2000)]

(e) The notice required by this section must be given or mailed to the insured and any designated mortgagee or loss payee at their addresses shown in the policy or, if not indicated in the policy, at their last known addresses. . . . Failure to send this notice to any designated mortgagee or loss payee invalidates the nonrenewal only as to the mortgagee's or loss payee's interest.

N.C.G.S. § 58-41-20 (1999) (emphasis added).

Because this statute does not define the phrase "refuse to renew," we must construe this phrase in accordance with its plain meaning to determine the intent of the legislature. *See Electric Supply Co. v. Swain Electrical Co.*, 328 N.C. 651, 656, 403 S.E.2d 291, 294 (1991). The plain meaning of "refuse" is "[t]o indicate unwillingness to do." *The American Heritage College Dictionary* 1148 (3rd ed. 1993). An insurer, therefore, "refuse[s] to renew" a policy when the insurer indicates an unwillingness to renew the policy. *Cf. Faizan v. Insurance Co.*, 254 N.C. 47, 59, 118 S.E.2d 303, 311-12 (1961) (insurer did not "fail[] to renew" automobile insurance policy pursuant to N.C. Gen. Stat. § 20-310[1] when insurer offered to renew policy and insured party rejected offer by failing to pay premium due under policy); *Smith v. Nationwide Mut. Ins. Co.*, 315 N.C. 262, 268, 337 S.E.2d 569, 573 (1985) ("expiration of a policy for nonpayment of premium is not a cancellation or refusal to renew under [section 20-310]").

In this case, the undisputed facts show Defendant mailed two renewal declarations to the Moores, and these renewal declarations offered to renew the policy upon payment of the premium due. Defendant, therefore, indicated a willingness to renew the policy, and the failure of the Moores to pay the premium was a rejection of Defendant's offer to renew the policy. Accordingly, the notice requirements of section 58-41-20 do not apply, and Defendant was not required to provide Plaintiff with notification of the policy's expiration.

## II

[2] Plaintiff argues Defendant canceled the policy and, because the cancellation did not comply with N.C. Gen. Stat. § 58-41-15, the cancellation was ineffective. We disagree.

Section 58-41-15, which applies to cancellations of insurance policies by the insurer, provides:

---

1. Repealed by Session Laws 1993 (Reg. Sess., 1994), c. 761, s. 29, effective February 1, 1995. See now § 58-36-85 (1999).

ASSOCIATES FIN. SERVS. OF AM. v. N.C. FARM BUREAU MUT. INS. CO.

[137 N.C. App. 526 (2000)]

(a) No insurance policy or renewal thereof may be canceled by the insurer *prior to the expiration of the term or anniversary date stated in the policy* and without the prior written consent of the insured, except for any one of the following reasons:

(1) Nonpayment of premium in accordance with the policy terms.

. . . .

(b) Any cancellation permitted by subsection (a) of this section is not effective unless written notice of cancellation has been delivered or mailed to the insured, not less than 15 days before the proposed effective date of cancellation. The notice must be given or mailed to the insured, and any designated mortgagee or loss payee at their addresses shown in the policy or, if not indicated in the policy, at their last known addresses. The notice must state the precise reason for cancellation. Proof of mailing is sufficient proof of notice. Failure to send this notice to any designated mortgagee or loss payee invalidates the cancellation only as to the mortgagee's or loss payee's interest.

N.C.G.S. § 58-41-15 (1999) (emphasis added). Under this statute, an insurer may not cancel a policy *prior to the expiration of the term* of the policy. *Id.*; *Scott v. Allstate Insurance Co.*, 57 N.C. App. 357, 359, 291 S.E.2d 277, 278 (1982) (policy is canceled within meaning of section 58-41-15 "when the insurer unilaterally terminates a policy then in effect *before* the end of the stated term"). Because we have held Defendant's nonrenewal of the policy due to nonpayment of the premium resulted in an expiration of the policy at the end of the policy's term, Defendant did not cancel the policy within the meaning of section 58-41-15. Plaintiff, therefore, was not entitled to notice pursuant to section 58-41-15.

### III

**[3]** Plaintiff finally argues the terms of the policy required Defendant to notify Plaintiff of the expiration of the policy. We disagree.

Generally, when an insurance policy contains an expiration date, the insurer is not required to give the insured party notice of expiration as "[t]he insured is charged with knowledge of the terms of his policy." *Scott*, 57 N.C. App. at 359, 291 S.E.2d at 278. A duty of notification to the insured or some third party, including a mortgagee,

ASSOCIATES FIN. SERVS. OF AM. v. N.C. FARM BUREAU MUT. INS. CO.

[137 N.C. App. 526 (2000)]

however, may arise due to agreement between the parties. *Id.; see also C. D. Spangler Constr. Co. v. Industrial Crankshaft & Eng. Co.*, 326 N.C. 133, 142, 388 S.E.2d 557, 562 (1990) ("insurance policy is a contract and its provisions govern the rights and duties of the parties").

In this case, the policy contained a mortgagee clause which stated: "If *[Defendant] decide[s] to cancel or not to renew this policy*, the mortgagee will be notified at least 10 days before the date cancellation or nonrenewal takes effect." (emphasis added). The term "decide" means to "determine." *The American Heritage College Dictionary* 359 (3rd ed. 1993). Under the terms of this notification clause, therefore, Defendant was required to notify Plaintiff of a cancellation or nonrenewal of the policy if *Defendant* unilaterally determined it would cancel or not renew the policy. Because an offer to renew the policy was extended to the Moores, Defendant did not unilaterally determine it would not renew the policy; rather, the policy lapsed when the Moores unilaterally determined they would not accept Defendant's offer to renew the policy by failing to pay the premium. Thus, the notice provision was not applicable, and Defendant had no obligation under the terms of the policy to notify Plaintiff of the expiration of the policy.

Plaintiff also argues in its brief to this Court:

The language of the mortgage clause seems to give the impression to [Plaintiff] that it will have the opportunity to pay the premium if the insured neglects to pay it . . . [and] denial [of the claim] should not apply to [Plaintiff] if, upon demand by [Defendant], [Plaintiff] pays the premium which the [Moores] neglected to pay.

Although at first glance the policy does give the impression Plaintiff will have an opportunity to pay the premium, this Court cannot be guided by impressions and must construe the contract according to its terms. *See C. D. Spangler Const. Co.*, 326 N.C. at 142, 388 S.E.2d at 562. Although the policy allows Plaintiff to pay the premium due under the policy in order to protect its interest in the property, the mortgage clause does not require Defendant to give Plaintiff notice of the Moores' failure to pay the premium unless failure to pay the premium results in Defendant canceling or unilaterally deciding not to renew the policy. As noted above, Defendant did not cancel or unilaterally decide not to renew the policy, and, therefore, Plaintiff was not entitled to notice of the policy's expiration.

The pleadings and affidavits do not raise any genuine issue of material fact regarding whether Plaintiff was entitled to notice of expiration of the policy, and Defendant is entitled to judgment as a matter of law. Accordingly, the trial court properly granted Defendant's motion for summary judgment and denied Plaintiff's motion for summary judgment. *See* N.C.G.S. § 1A-1, Rule 56(c) (1999).

Affirmed.

Judges WALKER and TIMMONS-GOODSON concur.