**ZALDANA v. SMITH**

[230 N.C. App. 134 (2013)]

JULIO ALBERTO MARTINEZ ZALDANA, EMPLOYEE-PLAINTIFF

v.

HORACE SMITH D/B/A CAROLINA CONSTRUCTION COMPANY, EMPLOYER-DEFENDANT, AND/OR AUTO OWNERS INSURANCE COMPANY, ALLEGED CARRIER-DEFENDANT, AND/OR DARGAN CONSTRUCTION COMPANY (GALLAGHER BASSET SERVICES, INC., THIRD-PARTY ADMINISTRATOR), DEFENDANTS

No. COA13-318

Filed 15 October 2013

**Workers' Compensation—expired policy—non-renewal procedures—not applicable**

The Industrial Commission correctly determined in a workers' compensation case that Auto-Owners Insurance Company (Auto Owners) was not providing plaintiff with workers' compensation insurance on the date of his accident and thus was not responsible for plaintiff's compensation. Since the employer never attempted to renew the policy, Auto-Owners necessarily could not have indicated its unwillingness to renew it and the procedures governing a refusal to renew in the policy and N.C.G.S. § 58-36-110(a) were inapplicable.

Appeal by plaintiff from opinion and award entered 24 October 2012 by the North Carolina Industrial Commission. Heard in the Court of Appeals 29 August 2013.

*Lanier Law Group, P.A., by Michael F. Roessler, for plaintiff-appellant.*

*McAngus, Goudelock, & Courie, P.L.L.C., by Daniel L. McCullough and Layla T. Santa Rosa, for defendant-appellee Auto-Owners Insurance Company.*

CALABRIA, Judge.

Julio Alberto Martinez Zaldana ("plaintiff") appeals from an opinion and award by the Full Commission of the North Carolina Industrial Commission ("the Commission"). The opinion and award concluded that defendant Auto-Owners Insurance Company ("Auto-Owners") was not liable for any benefits owed to plaintiff pursuant to the Workers' Compensation Act. We affirm.

On 9 December 2008, defendant Horace Smith d/b/a Carolina Construction Company ("Smith") obtained a workers' compensation

ZALDANA v. SMITH

[230 N.C. App. 134 (2013)]

insurance policy ("the policy") from Auto-Owners with an effective date of 4 December 2008. The policy expired 4 December 2009. Smith initially made a down payment equal to two months of the insurance premium at the time Auto-Owners issued the policy, but failed to make any further premium payments.

On 12 February 2009, Auto-Owners sent written notice of cancellation to Smith that Auto-Owners would cancel the workers' compensation insurance policy, effective 4 March 2009, if Smith failed to make his past due premium payments. While the policy was never formally cancelled, Smith failed to make any additional premium payments and did not request to have the policy renewed after its 4 December 2009 expiration date.

On 22 December 2009, plaintiff suffered a compensable injury by accident while working for Smith. Plaintiff was laying block around the elevators on the second floor of a hotel when the elevator came down from a higher floor and crushed him while he was leaning into the shaft to complete his work. Plaintiff sustained multiple injuries which required extensive medical care.

Plaintiff timely filed a claim and request for hearing with the Commission, seeking workers' compensation from Smith, Auto-Owners, and Dargan Construction Company ("Dargan"), the general contractor for the job plaintiff was working on at the time he sustained his injuries.[1] Deputy Commissioner Adrian A. Phillips ("Deputy Commissioner Phillips") held a hearing regarding plaintiff's claim on 23 June 2011.

On 29 March 2012, Deputy Commissioner Phillips entered an opinion and award which concluded, *inter alia*, that, because Auto-Owners failed to properly terminate the policy issued to Smith, it was still in effect at the time of plaintiff's compensable injuries. As a result, Auto-Owners was responsible for paying plaintiff's workers' compensation benefits. Auto-Owners appealed to the Full Commission.

On 24 October 2012, the Full Commission entered an opinion and award which reversed Deputy Commissioner Phillips's conclusion that the policy was still in effect at the time plaintiff was injured. The Full Commission concluded that only Smith was liable for paying plaintiff's workers' compensation benefits.[2] Plaintiff appeals.

---

1. Plaintiff and Dargan entered into a settlement agreement regarding plaintiff's claim and consequently Dargan is not a party to this appeal.

2. Smith did not appeal from the Full Commission's opinion and award and is not a party to this appeal.

Review of an opinion and award of the Industrial Commission "is limited to consideration of whether competent evidence supports the Commission's findings of fact and whether the findings support the Commission's conclusions of law." *Richardson v. Maxim Healthcare/Allegis Grp.*, 362 N.C. 657, 660, 669 S.E.2d 582, 584 (2008). "The Commission's conclusions of law are reviewed *de novo.*" *McRae v. Toastmaster, Inc.*, 358 N.C. 488, 496, 597 S.E.2d 695, 701 (2004).

Plaintiff argues that the Commission erred by concluding the policy issued by Auto-Owners was not in effect when he sustained his workplace injuries. Specifically, plaintiff contends that Auto-Owners failed to follow the nonrenewal procedures established by the policy and by N.C. Gen. Stat. § 58-36-110 (2011), and further contends that this failure caused the policy to automatically renew. We disagree.

Plaintiff relies upon similar provisions in the policy and N.C. Gen. Stat. § 58-36-110 to support its argument that the policy was still in effect at the time of his accident. The policy provided that "[Auto-Owners] may refuse to renew this policy: (a) if this policy is for a term of one year or less, we must provide you with notice of nonrenewal at least 45 days prior to the expiration date of the policy." The policy additionally provided that any nonrenewal attempted or not made in compliance with paragraph (a) was not effective.

The policy's quoted language was based upon the language of N.C. Gen. Stat. § 58-36-110, which provides:

> (a) No insurer shall refuse to renew a policy of workers' compensation insurance or employers' liability insurance written in connection with a policy of workers' compensation insurance except in accordance with the provisions of this section, and any nonrenewal attempted or made that is not in compliance with this section is not effective. This section does not apply if the policyholder has obtained insurance elsewhere, has accepted replacement coverage, or has requested or agreed to nonrenewal.

> (b) An insurer may refuse to renew a policy that has been written for a term of one year or less at the policy's expiration date by mailing written notice of nonrenewal to the insured not less than 45 days prior to the expiration date of the policy.

N.C. Gen. Stat. § 58-36-110 (2011). Thus, under both the policy and the statute, Auto-Owners could only "refuse to renew" Smith's policy if it

ZALDANA v. SMITH

[230 N.C. App. 134 (2013)]

provided him with notice of nonrenewal at least 45 days prior to the expiration date of the policy.

In the instant case, the main dispute is over the interpretation of the term "refuse to renew." The Commission concluded that the term "contemplate[s], at a minimum, an antecedent request to renew by the insured and payment of the premium necessary to effectuate renewal[.]" Based upon this interpretation, the Commission further concluded that Auto-Owners was not providing Smith with workers' compensation coverage at the time of plaintiff's accident.

Plaintiff contends that the Commission's interpretation of the phrase "refuse to renew" is erroneous. Instead, plaintiff interprets that phrase to mean that "Auto-Owners was binding itself such that it could only give effect to its unwillingness to continue to offer the insurance policy if the company followed the procedure" included in the policy and the statute. Thus, under plaintiff's proposed interpretation, an insurer that had never discussed the possibility of renewing a fixed term workers' compensation policy with its insured would be considered perpetually liable for that insurance, even after its expiration, unless it followed the statutory procedures. This would be true even if the insured failed to make any payment towards a renewed policy and never otherwise indicated any desire to renew. Plaintiff is mistaken.

No prior published opinion from this Court has interpreted the phrase "refuse to renew" included in N.C. Gen. Stat. § 58-36-110. However, that phrase has been interpreted in the context of another insurance statute which uses it in a similar context. In *Associates Fin. Servs. Of Am. v. N.C. Farm Bureau Mut. Ins. Co.*, this Court analyzed the meaning of "refuse to renew" as used in N.C. Gen. Stat. § 58-41-20:

> Because this statute does not define the phrase "refuse to renew," we must construe this phrase in accordance with its plain meaning to determine the intent of the legislature. *See Electric Supply Co. v. Swain Electrical Co.*, 328 N.C. 651, 656, 403 S.E.2d 291, 294 (1991). The plain meaning of "refuse" is "to indicate unwillingness to do." *The American Heritage College Dictionary* 1148 (3rd ed. 1993). An insurer, therefore, "refuses to renew" a policy *when the insurer indicates an unwillingness to renew the policy.*

137 N.C. App. 526, 531, 528 S.E.2d 621, 624 (2000)(emphasis added). This definition, based upon the plain meaning of the phrase, can be equally applied to the instant case. If the evidence before the Commission demonstrated that Auto-Owners indicated to Smith an unwillingness to renew

his policy, then it was refusing to renew the policy and required to follow the procedure set out in the policy and in N.C. Gen. Stat. § 58-36-110.

The definition for "refuse to renew" set out in *Associates* is inconsistent with plaintiff's contention that the policy must automatically renew if Auto-Owners did not follow the refusal to renew procedure. An insurer cannot "indicate an unwillingness" to renew a policy merely by letting it expire under its own express terms. At a minimum, an insurer must, by word or action, specifically indicate to the insured that it is unwilling to renew the policy at issue. This requires the insured to actually seek renewal in such a way that the insurer can refuse to agree to it. Plaintiff's interpretation could only satisfy this requirement by impermissibly rewriting both the policy and the statute to include an automatic renewal provision for all fixed-term workers' compensation policies. *See Hartford Accident & Indem. Co. v. Hood*, 226 N.C. 706, 710, 40 S.E.2d 198, 201 (1946)("The Court, under the guise of construction, cannot reject what the parties inserted or insert what the parties elected to omit."); *Ferguson v. Riddle*, 233 N.C. 54, 57, 62 S.E.2d 525, 528 (1950)("We have no power to add to or subtract from the language of the statute."). Since the parties did not address renewal in the policy in the instant case, Auto-Owners could not refuse to renew unless Smith initiated a renewal attempt separate and apart from the policy itself that Auto-Owners then refused.

In its opinion and award, the Commission made the following findings regarding Auto-Owners' actions with respect to the renewal of the policy:

> 8. Defendant Auto-Owners Insurance Company, through its authorized agents at Bradsher & Bunn Insurance Agency, Inc., issued a workers' compensation insurance policy to Defendant Horace Smith d/b/a Carolina Construction Company on December 18, 2008. The policy indicated that the policy period was "from 12:01 A.M. 12-04-2008 TO 12:01 A.M. 12-04-2009."
>
> . . .
>
> 12. After failing to make any monthly premium payments on the policy covering the period from December 4, 2008 to December 4, 2009, Defendant Smith never sought to have the policy renewed and did not make any payments towards a renewal. Defendant Smith never requested that the policy be renewed and never took any action evincing a desire that the policy be renewed.

. . .

14. There being no evidence of record that Defendant Auto-Owners Insurance Company would have refused to renew the fixed term policy had Defendant Smith requested renewal and made the necessary premium payment, the Full Commission finds that there has been no refusal to renew the policy on the part of Defendant Auto-Owners Insurance Company.

Based upon these findings, which plaintiff has not challenged, the Commission concluded that:

Defendant Auto-Owners Insurance Company was not on the risk and did not provide workers' compensation insurance for Defendant Smith on December 22, 2009. The policy of workers' compensation insurance that Defendant Smith obtained in December 2008 covered a fixed period and did not automatically renew at the end of the policy period. The Full Commission interprets the phrase "refuse to renew" in N.C. Gen. Stat. § 58-36-110(a) to contemplate, at a minimum, an antecedent request to renew by the insured and payment of the premium necessary to effectuate renewal[.] . . . Defendant Smith undertook absolutely no actions to keep coverage in effect after he obtained the policy, let alone undertaking any actions to seek renewal of the policy.

Thus, the Commission's unchallenged findings, which are binding on appeal, indicate that the policy was only for a fixed term and that Smith never made any attempt to have the policy renewed prior to the expiration of that fixed term. Since Smith never attempted to renew the policy, Auto-Owners necessarily could not have indicated its unwillingness to renew it. Therefore, the Commission's findings supported its conclusion that the procedures governing a refusal to renew in the policy and N.C. Gen. Stat. § 58-36-110(a) were both inapplicable. Accordingly, the Commission correctly determined that Auto-Owners was not providing Smith with workers' compensation insurance on the date of his accident and thus was not responsible for plaintiff's compensation. The Commission's opinion and award is affirmed.

Affirmed.

Judges STROUD and DAVIS concur.