562 S.W.2d 266 (1978)
ECONOMIC OPPORTUNITIES DEVELOPMENT CORPORATION OF SAN ANTONIO and Bexar County, Appellant,
v.
Albert BUSTAMANTE, Commissioner, Precinct One, Bexar County, Texas et al., Appellees.
No. 15939.
Court of Civil Appeals of Texas, San Antonio.
February 1, 1978.
Rehearing Denied March 1, 1978.
*267 Les Mendelsohn, San Antonio, for appellant.
Bill M. White, Crim. Dist. Atty., Keith W. Burris, Lisa M. Beck, Asst. Crim. Dist. Attys., San Antonio, for appellees.
MURRAY, Justice.
The appellant, Economic Opportunities Development Corporation of San Antonio and Bexar County, applied to the 57th District Court of Bexar County for a writ of mandamus against appellee, Albert Bustamante, Commissioner, Precinct One, Bexar County, Texas, seeking to compel appellee to make certain records available for appellant's inspection pursuant to Tex.Rev.Civ. Stat.Ann. art. 6252-17 (1970), known as the Texas Open Records Act. On July 5, 1977, after trial on the merits, the trial court rendered judgment denying all relief sought by appellant and this appeal is from that decree.
During the month of May 1977, appellee received into his possession affidavits and documents submitted to him by persons making charges of illegal conduct against appellant. The subject matter of those affidavits thereafter appeared in articles published in local newspapers and local broadcast media. On May 27, 1977, a board member of appellant was allowed to view the affidavits which had been referred to in the newspapers but no copies were delivered to appellant at that time. On June 8, 1977, a board member of appellant appeared before the appellee and demanded delivery of the affidavits; that demand was refused. On June 10, 1977, appellee was served with a petition in this suit, however, appellee had already delivered the originals of the affidavits to the Government Accounting Office and all remaining copies to the Federal Bureau of Investigation. At that time appellee no longer had possession of documents or copies of documents sought by this suit.
Appellant's six points of error are as follows:

Point One. The trial court erred in failing to conclude that the documents were received by Commissioner Bustamante as a representative of Commissioners Court, rather than in his individual capacity.

Point Two. The trial court erred in concluding that Commissioner Bustamante's action did not constitute action by a `Governmental Body' within the purpose of Article 6252-17a.

Point Three. The trial court erred in concluding that the statute does not require that records be made available to any person, once they are released to the media.

Point Four. The trial court erred in concluding that appellee was under no duty to request an attorney general's opinion.

Point Five. The trial court erred in concluding that the records were exempted from disclosure as `part of an on-going investigation.'

Point Six. The trial court erred in concluding that it could not compel Commissioner Bustamante to produce the recourds [sic].
No evidence indicating any involvement of the other members of the Bexar County Commissioners Court in the above matter was presented. While this case was on appeal, the appellee has resigned as County Commissioner and the Honorable Leo Mendoza is now Commissioner, Precinct One, Bexar County, Texas.
Without deciding the legal duty of appellee to furnish copies of the affidavits to appellant, we reach the conclusion that we are required to sustain the trial court's decision in this case. A court will not grant a writ of mandamus unless it is convinced that the issuance of such a writ will effectively achieve the purpose sought by appellant. Holcombe v. Fowler, 118 Tex. 42, 9 S.W.2d 1028 (1928); Parks v. Elliot, 465 S.W.2d 434 (Tex.Civ.App.El Paso 1971, writ ref'd n. r. e.); 37 Tex.Jur.2d, Mandamus § 8 (1962).
Appellant, in his brief, said the issue in this appeal is whether appellee acted in accordance with requirements of the Texas Open Records Act and that the resolution of this appeal should not rest on whether appellee *268 can and will comply with the court order. We disagree. The trial court found sufficient evidence that the documents are no longer in possession of the County Commissioner, Precinct One, Bexar County, and to require that office to furnish copies of the documents that are no longer in that office would be requiring an impossible act. State v. Ripke, 426 S.W.2d 599 (Tex.Civ. App.Corpus Christi 1968, writ ref'd n. r. e.); 55 C.J.S. Mandamus § 14 (1948).
Nothing would be gained by discussing all of the points raised by the parties in their briefs. The point that we have discussed demonstrates a compelling reason why we are required to sustain the trial court's decision in this case.
The judgment is affirmed.