NO.
12-07-00079-CV

 

IN THE COURT OF APPEALS 

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

ALVIN
MICHAEL CEARLEY,       §                      APPEAL FROM THE 114TH

APPELLANT

 

V.        §                      JUDICIAL
DISTRICT COURT OF

 

J. B. SMITH, SMITH COUNTY SHERIFF,

APPELLEE   §                      SMITH COUNTY, TEXAS

                                                                                                                                                           


MEMORANDUM
OPINION

            Alvin
Michael Cearley, pro se, appeals from the trial court’s denial of his request
for a statutory writ of mandamus to compel the Smith County Sheriff to provide
him with certain documents.  We affirm.

Background

            Alvin Michael Cearley filed a
complaint with the Smith County Sheriff alleging that a constable had violated
Texas law.  A sheriff’s investigator
conducted an investigation and forwarded his report to the Smith County
District Attorney in July 2004.  Cearley
filed an open records request on July 13, 2004 with the Smith County District
Attorney to review documents related to the investigation.  Thereafter he was permitted to review
documents in the district attorney’s office. 
In August 2004, Cearley filed a similar open records request with the
Smith County Sheriff.  He received no
response, although he did discuss the matter with employees of the sheriff’s
office.

            Cearley applied for a statutory writ
of mandamus in April 2005 to compel disclosure of the records.  A hearing was held, and the trial court denied
relief, finding that the material sought no longer existed.  This appeal followed.

 








Public Information Act

            In eight issues, Cearley argues that
the trial court should have issued a writ of mandamus.  Specifically, Cearley contends that the
requested documents were public records and should have been provided, that the
sheriff was obligated to retain copies of these documents, that the sheriff had
access to the documents from the district attorney, and that the sheriff had
the requested documents. 

Applicable
Law

            The Texas Public Information Act,
found in Texas Government Code, chapter 552, is an expression of a “fundamental
philosophy of the American constitutional form of representative government
that adheres to the principle that government is the servant and not the master
of the people. . . .”  See Tex.
Gov’t Code Ann. § 552.001(a) (Vernon 2004).  Accordingly, because it is their own
information, the people have the privilege of access to public documents.  Id.  That privilege is enforced by a statutory
framework that requires government officials to justify any decision not to
provide documents.  Tex. Gov’t Code Ann. § 552.006, 552.301
(Vernon 2004 & Supp. 2007).  The
failure to provide documents may be tested in court by a statutory writ of
mandamus.  Tex. Gov’t Code Ann. § 552.321 (Vernon 2004).

            The Act is to be liberally construed
in favor of granting requests for information.  Tex. Gov’t Code Ann. § 552.001(b)
(Vernon 2004).  Generally, a governmental
body seeking to withhold requested information must submit a timely request to
the attorney general, asserting which statutory exceptions to disclosure apply
to the information.  Id. §
552.301; see also Arlington Indep. Sch. Dist. v. Tex. Attorney Gen.,
37 S.W.3d 152, 157 (Tex. App.–Austin 2001, no pet.).  The governmental body must provide the
information to the attorney general, and the attorney general then decides
whether the information is to be disseminated.[1]  Tex.
Gov’t Code Ann. § 552.303 (Vernon 2004).

            An action for a writ of mandamus
initiated in the trial court is a civil action subject to appeal like any other
civil suit.  See Simmons v.
Kuzmich, 166 S.W.3d 342, 345–46 (Tex. App.–Fort Worth 2005, no pet.)
(citing Anderson v. City of Seven Points, 806 S.W.2d 791, 791 n.1
(Tex. 1991); Harris v. Jones, 8 S.W.3d 383, 385 (Tex. App.–El
Paso 1999, no pet.); Dallas Area Rapid Transit v. Dallas Morning News,
4 S.W.3d 469, 473 (Tex. App.–Dallas 1999, no pet.)).  Therefore, we review the trial court’s
findings of fact and conclusions of law according to the standards generally
applicable to a trial court’s findings and conclusions.  Simmons, 166 S.W.3d at 345–46.  That is, we review findings of fact for legal
and factual evidentiary support, and we review conclusions of law de novo.  Id. (citing Dallas Area
Rapid Transit, 4 S.W.3d at 473; Tex. Legal Found., 958
S.W.2d at 481).  We do not apply the
abuse of discretion standard applicable to mandamus actions that originate in
our appellate courts.  Simmons,
166 S.W.2d at 346; Harris, 8 S.W.3d at 385.

Analysis

            At the root of this dispute is a
factual controversy.  Cearley argues that
the sheriff has the documents he wishes to review.  The sheriff says he does not have the
documents.[2]  The sheriff’s investigator testified that he
delivered his report to the office of the district attorney and that his
computer failed thereafter and he could not recover his copy of his
report.  The trial court found that the
sheriff did not have the documents.

            This case is similar to Economic
Opportunities Development Corp. of San Antonio v. Bustamante, 562
S.W.2d 266 (Tex. Civ. App.–San Antonio 1978, writ dism’d).  In that case, the plaintiff requested
documents from a county office.  Id.
at 267.  The county office could not
provide the documents because it had forwarded all of the requested documents
to the U. S. Government Accounting Office and to the Federal Bureau of
Investigation.  Id.  The court held that a writ of mandamus was
not appropriate because it could not achieve its intended purpose, that is the
release of the documents.  Id.
at 267–68 (“A court will not grant a writ of mandamus unless it is convinced
that the issuance of such a writ will effectively achieve the purpose sought by
Appellant.”).  That conclusion holds here
as well.  The trial court found that the
documents had been lost and was not persuaded by Cearley’s arguments that they
could be retrieved from the computer system or that the sheriff actually still
had the documents.[3]








  That conclusion is supported by the record,
and we are not persuaded that it is erroneous. 
Issuing a writ to require a public official to produce records he or she
does not have is a futile act, and the trial court did not err in declining to
do so.

            Cearley acknowledges Bustamante,
but argues that innovations to the law, requiring retention and preservation of
records, mean that he should be granted relief. 
We disagree.  The Texas Local
Government Code imposes upon elected county officers certain duties and
responsibilities relating to records management.  Tex.
Loc. Gov’t. Code Ann. §§ 203.001–.050 (Vernon 1999).  Even if the sheriff had a statutory duty to
retain the records Cearley seeks, the statutory writ of mandamus, if issued,
only allows a trial court to compel a governmental body to make information
available for public inspection.  See
Tex. Gov’t Code Ann. § 552.321(a).  It does not enforce the rules regarding
retention and preservation of records.

            Finally, Cearley argues that the
district attorney has the documents, and that the sheriff could simply ask for
them from the district attorney and then comply with his request.  Appellant’s authority for this proposition is
a 1990 public records opinion regarding a situation where two agencies made an
agreement for one agency to maintain records and respond to public records
requests for another.  See Tex.
Att’y Gen. ORD-576 (1990).  This opinion
does not apply to this case because the district attorney does not maintain
records for the sheriff and there is no agreement between them about how to
respond to public records requests.  The
Act does not give the trial court the authority to compel a government agency
to request a document from another government agency.  Even if it did, there is no evidence that the
district attorney has the documents Cearley sought.[4]  The district attorney testified that he had
never seen the file, and the then assistant district attorney who handled the
matter testified that the specific documents Cearley sought could not be
located.

            Cearley did not show that the
sheriff had the requested documents and refused to make them available to
him.  The only remedy available under the
lawsuit brought by Cearley was for the trial court to order the sheriff to
provide the documents.  The trial court
found that the sheriff did not have the requested documents.  The factual finding is supported by the
record, and we hold that the trial court’s legal conclusion not to order the
production of documents that do not exist is correct.  We overrule Appellant’s eight issues.

Disposition

            Having overruled Cearley’s eight
issues, we affirm the judgment of the trial court. 

 

 

                                                                                                    SAM GRIFFITH   

                                                                                                               Justice

 

 

 

Opinion delivered October 31,
2007.

Panel
consisted of Worthen, C.J., Griffith, J., and Hoyle, J.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(PUBLISH)











[1] The procedures are slightly different for confidential
information.  See Tex. Gov’t Code Ann. §§ 552.101,
552.303 (Vernon 2006).





[2] The sheriff never formally responded to Cearley’s request and did not
seek an opinion of the Texas Attorney General so the information sought is
presumed to be public information.  See
Tex. Gov’t Code Ann. § 552.302
(Vernon 2006).





[3] Cearley states that an “image” of the lost information is available on
the investigator’s computer.  The
evidence in this case included testimony from a computer specialist who tried
to recover the lost information.  He
could not do so, and the trial court found that there was no evidence that the
records were recoverable. 





[4] Cearley amended his initial complaint to include the district attorney,
but later nonsuited those claims.