**Opinion filed May 13, 2021**



## In The

# Eleventh Court of Appeals

_____

## No. 11-20-00229-CV

_____

## CITY OF ODESSA, TEXAS, Appellant

## V.

## AIM MEDIA TEXAS, LLC D/B/A *THE ODESSA AMERICAN*, Appellee

**On Appeal from the 161st District Court**
**Ector County, Texas**
**Trial Court Cause No. B-20-02-0127-CV**

**M E M O R A N D U M   O P I N I O N**

This is an interlocutory appeal from the denial of a plea to the jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2020). AIM Media Texas, LLC d/b/a *The Odessa American* is the daily newspaper for Odessa. The newspaper filed suit against the City of Odessa seeking a writ of mandamus under Section 552.321 of the Texas Government Code, a provision contained in the

Texas Public Information Act[1]. *See* TEX. GOV'T CODE ANN. § 552.321 (West 2020). The City filed a plea to the jurisdiction asserting that the newspaper failed to adequately allege a right to relief under Section 552.321. After a hearing, the trial court entered an order denying the plea to the jurisdiction. In a single issue, the City challenges the denial. We affirm.

"Sovereign immunity and its counterpart, governmental immunity, exist to protect the State and its political subdivisions from lawsuits and liability for money damages." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex. 2008). The State retains sovereign immunity from suit to the extent that immunity has not been abrogated by the legislature. *See Tex. Nat. Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 853 (Tex. 2002). Governmental immunity operates like sovereign immunity to afford similar protection to political subdivisions of the State, including counties, cities, and school districts. *Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004) (citing *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003)).

Governmental immunity encompasses both immunity from suit and immunity from liability. *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 374 (Tex. 2006); *Tooke v. City of Mexia*, 197 S.W.3d 325, 332 (Tex. 2006). Immunity from suit completely bars actions against governmental entities unless the legislature expressly consents to suit. *Reata Constr. Corp.*, 197 S.W.3d at 374. Immunity from suit deprives the courts of subject-matter jurisdiction and thus completely bars the plaintiff's claims. *Wichita Falls State Hosp.*, 106 S.W.3d at 696. Because sovereign/governmental immunity from suit defeats a trial court's subject-matter jurisdiction, it is properly asserted in a plea to the jurisdiction. *Tex. Dep't of Parks &*

---

[1] TEX. GOV'T CODE ANN. §§ 552.001–.376 (West 2020) (Texas Public Information Act). The Act "guarantees access to public information, subject to certain exceptions." *Tex. Dep't of Pub. Safety v. Cox Tex. Newspapers, L.P.*, 343 S.W.3d 112, 114 (Tex. 2011). Public information includes information that is collected, assembled, or maintained by or for a governmental body. GOV'T § 552.002(a).

*Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex. 2004). Whether a court has subject-matter jurisdiction is a legal question that we review de novo. *Id.* at 226; *Ector Cty. v. Breedlove*, 168 S.W.3d 864, 865 (Tex. App.—Eastland 2004, no pet.).

A plea to the jurisdiction can take two forms: (1) a challenge to the plaintiff's pleadings regarding its allegation of jurisdictional facts or (2) an evidentiary challenge to the existence of jurisdictional facts. *Miranda*, 133 S.W.3d at 226–27. The City is challenging the newspaper's pleadings. In a pleadings challenge, the plaintiff bears the burden of alleging facts that affirmatively demonstrate the trial court's jurisdiction. *Id.* at 226. "When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Id.* We must accept as true all factual allegations in the petition, construe the pleadings liberally, and look to the pleader's intent. *Id.* at 226–27.

Section 552.321 "waives sovereign immunity for requestors seeking a writ of mandamus to compel a governmental body to make information available for public inspection under certain circumstances." *City of El Paso v. Abbott*, 444 S.W.3d 315, 322 (Tex. App.—Austin 2014, pet. denied). Those circumstances are set out in subsection (a):

> A requestor or the attorney general may file suit for a writ of mandamus compelling a governmental body to make information available for public inspection if the governmental body refuses to request an attorney general's decision as provided by Subchapter G or refuses to supply public information or information that the attorney general has determined is public information that is not excepted from disclosure under Subchapter C.

GOV'T § 552.321 (footnotes omitted). The newspaper contends that it invoked the trial court's subject-matter jurisdiction to issue a writ of mandamus under Section 552.321(a) because it alleged that the City had "refuse[d] to supply public information." We agree.

3

Our focus is whether the newspaper's pleading alleged facts that affirmatively demonstrated the district court's subject-matter jurisdiction. *See Abbott*, 444 S.W.3d at 322 (citing *Miranda*, 133 S.W.3d at 226). "By its plain terms, [Section 552.321(a)'s] waiver of immunity for mandamus relief requires the [governmental unit] to have 'refuse[d]' to supply public information." *City of Galveston v. CDM Smith, Inc.*, 470 S.W.3d 558, 571–72 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) (citing *Abbott*, 444 S.W.3d at 324). "In this context, 'refuse' means 'show or express a positive unwillingness to do or comply with.'" *Id.* (citing *Abbott*, 444 S.W.3d at 324, which cites various dictionaries).

The newspaper directs our attention to paragraphs 6, 14, and 25 of its first amended petition. The newspaper alleged in paragraph 6 that, "[f]or months, the City has refused to provide public documents in a timely manner to both the [newspaper] and the public. These documents include police reports and probable cause affidavits without redacting information that has always been considered public information under Texas law." The newspaper alleged in paragraph 14 that the City "has taken several steps that have interfered with and violated with its duties to promptly provide basic information regarding an arrest, an arrested person or a crime." In support of this allegation, the newspaper detailed five steps that it alleges that the City has taken since August 2019:

(1) Demanding freedom of information requests for all probable cause affidavits and police reports;

(2) Redacting information that included public information that it was required to promptly produce under the Texas Public Information Act;

(3) Having the City Attorney's staff vet each request for public information relating to crimes and arrests;

(4) Submitting all requests for public information to the Attorney General; and

(5) "[D]elaying the production of public information that obviously was not subject to any exception under the [Texas Public Information Act]."

The newspaper alleged in paragraph 25 that the City "has adopted policies and practices that have caused the City to unlawfully 'refuse[] to supply public information.'"

The City contends that the newspaper "has failed to show an instance where [the City] refused to provide public information." The City also contends that the newspaper has pleaded conclusory allegations that are unsupported by factual allegations. *See Stephen F. Austin State Univ. v. Flynn*, 228 S.W.3d 653, 660 (Tex. 2007) (conclusory statements in a pleading are insufficient to establish jurisdiction). The City asserts that the newspaper was put on notice of what the City believed was deficient with the newspaper's pleadings by the City's special exceptions. However, the City's special exceptions are not before us for consideration because the trial court has not ruled on them. *See Davis v. Angleton Indep. Sch. Dist.*, 582 S.W.3d 474, 481 (Tex. App.—Houston [14th Dist.] 2018, pet. denied) (noting that special exceptions present nothing for appellate review in the absence of a ruling on them).

The newspaper has sufficiently pleaded factual allegations in support of its claim that the City "refuses to supply public information." Gov't § 552.321(a). A component of the newspaper's claims is the contention that the City is not providing public criminal records in a timely manner. In this regard, the Texas Public Information Act provides that, when the government receives a request for public information, it must provide the information to the requestor "promptly," which means "as soon as possible under the circumstances, that is, within a reasonable time, without delay." *Id.* § 552.221(a). The Act further requires the government to make public information "available to the public at a minimum during the normal business hours of the governmental body" that possesses the information. *Id.* § 552.021.

5

The newspaper also alleges that the City has withheld requested "basic information" that should not have been withheld and that it has redacted information that should not have been redacted. In this regard, the government may withhold requested information only as expressly provided by the Act. *Id.* § 552.006. Furthermore, the newspaper included in its pleadings two examples of record requests that it alleged that the City "unlawfully redacted." Viewing the factual allegations in the newspaper's petition as true and construing the petition liberally in support of the newspaper's intent, we conclude that the newspaper has adequately pleaded a claim for mandamus relief under Section 552.321. *See Miranda*, 133 S.W.3d at 226–27. We overrule the City's sole issue on appeal.

*This Court's Ruling*

We affirm the order of the trial court.

JOHN M. BAILEY
CHIEF JUSTICE

May 13, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.