**DISSENT; Opinion Filed July 15, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-20-00546-CV

**EMPOWER TEXANS, INC., Appellant**
**V.**
**DALLAS COUNTY, TEXAS, Appellee**

**On Appeal from the 298th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-19-10268**

## DISSENTING OPINION

Before Chief Justice Burns, Justice Schenck, and Justice Osborne
Opinion by Justice Schenck

In this suit regarding a request for public information, the majority concludes

that delaying access to public information pending recovery of costs for converting

electronic files from one form to another and redacting confidential information does

not constitute a refusal to produce public information. Because the statute authorizes

neither the conversion of files, the demand for payment of same, nor the resulting

delay, I disagree. Accordingly, I dissent from the majority's judgment affirming the

trial court's dismissal of appellant's claims pursuant to the Texas Public Information

Act (TPIA).

The Legislature enacted the Texas Open Records Act in 1973 to increase government transparency in the wake of public scandals, including a massive stock-fraud imbroglio known as the Sharpstown scandal. *See Greater Houston P'ship v. Paxton*, 468 S.W.3d 51, 57 (Tex. 2015). In 1993, the Open Records Act was recodified without substantive revision as the TPIA. *See id.* Currently codified in Chapter 552 of the Texas Government Code, the TPIA's stated policy objectives are to provide accountability and transparency in government by establishing mechanisms to foster public access to government records. *See id.* (citing TEX. GOV'T CODE ANN. §§ 552.001–.353).

But what happens when the governmental body refuses to make requested public information available? In that case, the requestor, or the attorney general, may file suit for a writ of mandamus to compel the governmental body to make that information available, as Empower Texans did here. *See* GOV'T § 552.321(a).

The next question, of course, is what is meant by "refuse"?

The majority correctly notes that the TPIA does not define or otherwise specify what is meant by "refuse." Following other courts of appeals, the majority holds that "refuse" means "show or express a positive unwillingness to do or comply with." *See Houston Cmty. Coll. v. Hall Law Grp., PLLC*, No. 01-20-00673-CV, 2021 WL 2369505, at *7 (Tex. App.—Houston [1st Dist.] June 10, 2021, pet. denied) (mem. op.); *City of Odessa v. AIM Media Tex., LLC*, No. 11-20-00229-CV, 2021 WL 1918968, at *2 (Tex. App.—Eastland May 13, 2021, no pet.) (mem. op.);

*City of Galveston v. CDM Smith, Inc.*, 470 S.W.3d 558, 572 (Tex. App.—Houston [14th Dist.] 2015, pet. denied); *City of El Paso v. Abbott*, 444 S.W.3d 315, 324 (Tex. App.—Austin 2014, pet. denied). The majority further holds that declining to make any requested electronically stored information available for inspection until the governmental body has been paid to convert and evaluate all of it for possible redaction does not constitute a refusal to produce any of the requested information. The Legislature has treated the storage and inspection of physical and electronic information separately. Governmental bodies are empowered to make charges generally for copying and producing physical records and are encouraged to store electronic information separately. *See* GOV'T § 552.272(d).

With respect to imposing charges to inspect electronic records, the TPIA provides: "In response to a request to inspect information that exists in an electronic medium and that is not available directly on-line to the requestor, a charge may not be imposed for access to the information, unless complying with the request will *require* programming or manipulation of data." *See id.* § 552.272(a). The TPIA defines "manipulation" as "the process of modifying, reordering, or decoding of information with human intervention," *see id.* § 552.003(2), and "programming" as "the process of producing a sequence of coded instructions that can be executed by a computer." *See id.* § 552.003(4).

Dallas County informed Empower Texans that in order to view public information, Empower Texans (or presumably any other requestor) must pay Dallas

County to (1) convert email communications to a secondary .pst file, (2) convert those files that contain confidential information to PDF, and (3) make required redactions. In my view, none of these activities would qualify as "manipulation" or "programming" as defined by the TPIA, and, if countenanced as such, they would render the provisions in section 552.272 meaningless. *See id.* § 552.0039(2), (4).[1]

The majority appears to accept that there is no "native form" in which the requested electronic information could be available, providing no explanation for why it was necessary for Dallas County to convert the requested email communications to a secondary .pst file. In reviewing the Office of the Texas Attorney General (OAG)'s opinion cited by the majority, the explanation from Dallas County was:

> [E]ach e-mail address must be entered into a program that allows the Information Technology Department ("IT") to sort and search e-mail

---

[1] I accept that the act of redacting text in an email comes closer to meeting that statutory definition, but, if accepted as such, would turn the disparate treatment of physical and electronic records on its head and run counter to the stated purpose of the TPIA: "that government is the servant, not the master of the people and that each person is entitled, unless otherwise expressly provided by law, to complete information about the affairs of government." *See* GOV'T § 552.001. A governmental body is free to make "all" of its information available to the public under the TPIA unless other general law prohibits disclosure. *See id.* § 552.007. While I do not doubt that a governmental body may use electronic means to commingle confidential and other public information and may also elect to conduct a timely review of the information in response to a request, the question here is whether it has the general right to compel the public to pay for the resulting redactions as "programming or manipulation of data."

The TPIA recognizes the general right of the governmental body to conduct this review (without any authorization of a charge) and prioritizes the timely production to the requestor at the peril of waiver of any claimed confidence, barring resort to the attorney general or compelling reason to withhold the information beyond its mere status as generally confidential. *Id.* § 552.302. Where the governmental body elects to scan and redact its written public records for confidentiality prior to inspection, it has no right to charge the requestor for its efforts as a "manipulation" of the document or otherwise. *Id.* § 551.271(b). I see no reason why a request to inspect electronic information would be treated differently simply because the governmental body insists on converting the information to paper and making redactions. *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 358, (1978) ("presumption is that the responding party must bear the expense of complying with discovery requests").

–4–

inboxes for responsive information. The county further explains that because the e-mail communications are only accessible where the file is saved, IT will be required to convert the e-mail communications to a secondary ".pst file" that is accessible to users other than the owner of the e-mail address.

That additional explanation, however agreeable the OAG found it to be,[2] does not address why the responsive emails—certainly, and at a minimum, those not containing "confidential information" subject to redaction—could not have simply been forwarded to Empower Texans or to an email account accessible via a monitor for a representative of Empower Texans to inspect. Delaying or denying access on substantive grounds is quite different from what Dallas County urges here. It seeks first to delay access to public information because it has chosen to alter its format—in a manner neither required nor supported by the TPIA—and ultimately will not provide access at all—unless the requestor pays for that alteration. The TPIA treats requests for inspection differently from requests for production presumably because the former occasion requires far less effort for the governmental body and should be routinely available in keeping with the TPIA's stated purpose: making it "the policy of this state *that each person is entitled, unless otherwise expressly provided by law,*

---

[2] The majority also points out that the charges for the labor associated with converting electronic files ultimately sought by Dallas County were deemed permissible by the OAG, at least so far as charges for those tasks were generally found to be permitted under the statute. I agree that a governmental body may charge for similar tasks, however, I also agree with the OAG's opinion that Dallas County failed to explain why it is necessary for it to convert all of the responsive electronic files to PDF files and further failed to demonstrate via use of a sample test the estimated allowable labor to produce the responsive information. In all events, the attorney general's permission is not included in the TPIA in general or in section 552.321 specifically as a substantive defense or safe harbor for a governmental body.

*at all times to complete information about the affairs of government . . .*" GOV'T § 552.001(a) (emphasis added).

With the decades that email communication has been in frequent and ubiquitous use in this state, as well as in Dallas County, I take it as sufficiently obvious as to permit judicial notice of the fact that every commercially available software program includes an embedded "forward" function for immediate cost-free compliance with Empower Texans' public access rights. In all events, the majority's acceptance that there is no native form in which the requested electronic information is publicly available ignores the irony of a governmental body's storing **public information** in such a way as to render it inaccessible by the very public who owns it—at least not without "charge" to permit that same public for the opportunity to view it, delay, and assent to Dallas County's insistence to convert its email to a separate format.

Even if I agreed that seeking recovery of costs for making *any* information available did not constitute refusal of the rest, I cannot agree that the charges here constitute statutorily permitted costs of making public information available to a requestor. According to its petition, Empower Texans requested to view the requested information electronically after Dallas County provided a statement of charges for copies of the requested information.

Regardless of whether any of the activities involved here constitute "manipulation" or "programming," Dallas County has not offered any explanation

for why it was up to it to withhold all information responsive to Empower Texans' request as a pre-condition to producing any information at all. Nor does Dallas County explain why it could not have produced the responsive emails that did not contain any "confidential information" to redact and have provided Empower Texans with a list of charges for the remaining emails containing confidential information, as well as what general categories of information it had determined was "confidential." *See, e.g.*, *id.* § 552.101 (exception to section 552.021's requirement of making public information available to public where information is "confidential by law, either constitutional, statutory, or by judicial decision").

In all events, these fees are not fees Dallas County has shown it is entitled to in the first instance and thus the requestor was entitled to seek relief from the courts. *See id.* § 552.321(a).

Further, if I were to agree with the majority that the charges here were permissible under the statute, I would still disagree with its holding that, "the County's conditional compliance by notifying Empower of the estimated costs for manipulation of data in order to redact and produce the electronic documents for inspection did not constitute a refusal to provide the requested information under § 552.321(a) for purposes of waiving governmental immunity." This holding would leave the public open to potential abuses by governmental entities charged with maintaining public information and contravene the intended policy and construction

of the TPIA.[3]   Under the facts here, Dallas County seeks to recover $75 from Empower Texans for the right to inspect public information.  As asserted by Empower Texans, they sought to lower costs by requesting to inspect the records, as opposed to receiving copies of same.  The records in question are email communications, which are stored electronically and therefore are in a format that lends itself to inspection rather than copying.[4]  Moreover, while the charge of $75 may appear insignificant to the average reader of this opinion, one cannot doubt that there are many fellow citizens for whom even $75 would function to chill or to obstruct the right to inspect public records.

Because I would conclude the trial court had subject-matter jurisdiction over Empower Texans' mandamus petition and its declaratory judgment action, I would reverse the trial court's judgment and remand the case for further proceedings.

---

[3] The TPIA provides the policy underlying this statute as well as its intended construction as follows:

> (a) Under the fundamental philosophy of the American constitutional form of representative government that adheres to the principle that government is the servant and not the master of the people, it is the policy of this state that each person is entitled, unless otherwise expressly provided by law, at all times to complete information about the affairs of government and the official acts of public officials and employees. The people, in delegating authority, do not give their public servants the right to decide what is good for the people to know and what is not good for them to know. The people insist on remaining informed so that they may retain control over the instruments they have created. The provisions of this chapter shall be liberally construed to implement this policy.

> (b) This chapter shall be liberally construed in favor of granting a request for information.

*See* GOV'T § 552.001.

[4] *See also* Ken Paxton, Attorney General of Texas, Public Information Act handbook 2022, 49–51, available at https://www.texasattorneygeneral.gov/sites/default/files/files/divisions/open-government/publicinfo_hb.pdf (last accessed on April 11, 2022) (comparing charges for copies of electronic records with charges for inspection of electronic records).

As the majority does not, I dissent.



/David J. Schenck/
DAVID J. SCHENCK
JUSTICE


200546DF.P05