

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

___

No. 07-18-00225-CV

___

TEXAS TECH UNIVERSITY, APPELLANT

V.

DOLCEFINO COMMUNICATIONS, LLC DBA
DOLCEFINO CONSULTING, APPELLEE

___

On Appeal from the 99th District Court
Lubbock County, Texas
Trial Court No. 2018-528,740, Honorable William C. Sowder, Presiding

___

December 4, 2018

OPINION

Before QUINN, C.J., and CAMPBELL and PARKER, JJ.

Texas Tech University, appellant, appeals from the denial of its plea challenging the trial court's jurisdiction to hear claims brought by Dolcefino Communications, LLC, d/b/a Dolcefino Consulting, appellee, under the Texas Public Information Act.[1] We reverse.

___

[1] *See* TEX. GOV'T CODE ANN. § 552.321 (West Supp. 2012).

Background

In the fall of 2017, Dolcefino requested various records from Texas Tech under the Texas Public Information Act ("PIA") related to the firing of the university's former football coach, Mike Leach, and other matters. For reasons described below, Texas Tech did not produce all the records requested. Dolcefino filed a petition for mandamus relief under section 552.321 of the Texas Government Code seeking to compel Texas Tech to release the records.[2]

In response, Texas Tech filed a plea to the jurisdiction, alleging that the trial court lacked jurisdiction to consider Dolcefino's claims. The trial court denied the plea to the jurisdiction as to Dolcefino's PIA claims and the university filed this appeal.[3]

Standard of Review

A plea to the jurisdiction is a dilatory plea that challenges the trial court's jurisdiction to hear the subject matter of the cause of action. *Timmons v. Univ. Med. Ctr.*, 331 S.W.3d 840, 843 (Tex. App.—Amarillo 2011, no pet.) (citing *Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004)). Subject matter jurisdiction is necessary for a trial court to decide a case. *Ackers v. City of Lubbock*, 253 S.W.3d 770, 773 (Tex. App.—Amarillo 2007, pet. denied). We review the issue of whether a trial court has subject matter jurisdiction de novo. *State of Tex. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002). When a plea to the jurisdiction includes evidence implicating the merits of the plaintiff's cause of action, as in

---

[2] Dolcefino also brought claims for declaratory relief under Chapter 37 of the Texas Civil Practice and Remedies Code. The trial court granted Texas Tech's plea to the jurisdiction as to those claims, and Dolcefino has not appealed that decision.

[3] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2018) (providing a right to an interlocutory appeal on rulings granting or denying pleas to the jurisdiction).

this case, the procedure mirrors that of a traditional motion for summary judgment; the trial court is to review the relevant evidence to determine whether a fact issue exists. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227-28 (Tex. 2004). A plea to the jurisdiction may not be granted if the evidence raises a fact question, as the factfinder should resolve the fact issue. *Id.* at 228. If, however, the evidence fails to raise a fact question on the jurisdictional issue, then the plea may be ruled upon as a matter of law. *Id.* When evidence has been submitted implicating the merits of the suit, we take as true all evidence favorable to the nonmovant and indulge every reasonable inference and resolve all doubts in favor of the nonmovant. *Id.*

## Analysis

As a governmental entity, Texas Tech is generally entitled to governmental immunity, which bars suits against the state and its entities other than for claims for which immunity has been waived. *See Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 512 (Tex. 2012). The PIA provides one such waiver of immunity, as it allows a requestor of public information to bring a suit for writ of mandamus under certain circumstances. TEX. GOV'T CODE ANN. § 552.321(a); *Tex. State Bd. of Veterinary Med. Exam'rs v. Giggleman*, 408 S.W.3d 696, 699 (Tex. App.—Austin 2013, no pet.). In its plea to the jurisdiction, Texas Tech contends that those specific circumstances have not been met and, consequently, the trial court lacks authority to decide the subject matter of Dolcefino's PIA causes of action. *See Miranda*, 133 S.W.3d at 225-26.

3

Statutory Prerequisites to Suit

The Legislature has prescribed that all statutory prerequisites to suit are jurisdictional in suits against governmental entities. TEX. GOV'T CODE ANN. § 311.034 (West 2013). Claims that prerequisites to suit have not been met are properly asserted in a plea to the jurisdiction. *Chatha*, 381 S.W.3d at 511. The questions presented by this case, then, are whether the requirements of section 552.321 of the Texas Government Code are "statutory prerequisites" to suit and, if so, whether those prerequisites were satisfied when Dolcefino filed suit.

In *Chatha*, the Texas Supreme Court explained that a statutory prerequisite is a statutory provision that is "mandatory and must be accomplished prior to filing suit." *Id.* at 512. A statutory prerequisite has three defining characteristics: (1) it is found in the relevant statutory language, (2) it is a requirement, and (3) the requirement must be met before the lawsuit is filed. *Id.* at 511-12; *see also Scott v. Presidio Indep. Sch. Dist.*, 266 S.W.3d 531, 535 (Tex. App.—Austin 2008) (op. on reh'g) ("A 'statutory prerequisite to a suit . . . against a governmental entity' refers to a step or condition that must be satisfied before the suit against the state can be filed."), *rev'd on other grounds*, 309 S.W.3d 927 (Tex. 2010).

We begin our analysis with a review of section 552.321(a) of the Texas Government Code, which provides:

> A requestor or the attorney general may file suit for a writ of mandamus compelling a governmental body to make information available for public inspection if the governmental body refuses to request an attorney general's decision as provided by Subchapter G or refuses to supply public information or information that the attorney general has determined is public information that is not excepted from disclosure under Subchapter C.

TEX. GOV'T CODE ANN. § 552.321(a).

Looking at the plain language of this statute, and bearing in mind the tenet that statutes waiving immunity are strictly construed[4] as not waiving immunity unless that waiver is effected by "clear and unambiguous language," *W. Tex. Mun. Power Agency v. Republic Power Partners, L.P.,* 428 S.W.3d 299, 305 (Tex. App.—Amarillo 2014, no pet.), we deem the three characteristics identified by *Chatha* to be present in section 552.321(a).  Within the statute is language that imposes a requirement, or a necessary condition to filing suit; specifically, a requestor may file suit only upon showing that the governmental body "refuses to supply public information" or "refuses to request an attorney general's decision."  *See City of Galveston v. CDM Smith, Inc.*, 470 S.W.3d 558, 572 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) ("By its plain terms, the Act's waiver of immunity for mandamus relief requires the [governmental entity] to have 'refuse[d]' to supply public information.").  Therefore, we conclude that the requirements of section 552.321 create a statutory prerequisite to the waiver of immunity permitting a requestor to seek a writ of mandamus in district court.

We must next consider whether these statutory prerequisites were satisfied when Dolcefino filed suit.  In its plea to the jurisdiction, Texas Tech argued that some of Dolcefino's requests had been withdrawn as a matter of law and therefore, as to those requests, Dolcefino was not a "requestor" under section 552.321.  Texas Tech further

---

[4] We are mindful of Dolcefino's argument that the policy of strict construction in waiver of immunity cases is counterweighed by a strong policy of liberal construction favoring disclosure in PIA cases.  *See* TEX. GOV'T CODE ANN. § 552.001 (West 2012).  We note that our review is limited to the question of whether Texas Tech's plea to the jurisdiction was properly denied, and does not reach the merits of Dolcefino's underlying claim, i.e., whether disclosure of the requested information is required under the PIA.

5

argued that, as to three other requests, it had no responsive documents and therefore, it was not "refus[ing] to supply public information," as required for jurisdiction under section 552.321. We will examine these two categories of requests in turn.

Requests Deemed "Withdrawn" by Texas Tech

The lion's share of Dolcefino's requests at issue in this appeal were deemed "withdrawn as a matter of law" by Texas Tech. Following receipt of each of these requests for information from Dolcefino, Texas Tech responded by providing, via certified mail, an estimate of the charges for producing the information pursuant to section 552.2615(a) of the Texas Government Code. The university's written estimates also notified Dolcefino: "Pursuant to the Public Information Act, your request is considered automatically withdrawn if you do not respond in writing to this itemized statement and provide the appropriate deposit or bond within 30 business days of receiving this statement."

Texas Tech's cautionary statement to Dolcefino regarding deemed withdrawals arises from section 552.2615(b) of the Texas Government Code, which provides that PIA requests are:

> considered to have been withdrawn by the requestor if the requestor does not respond in writing to the itemized statement by informing the governmental body within 10 business days after the date the statement is sent to the requestor that: (1) the requestor will accept the estimated charges; (2) the requestor is modifying the request in response to the itemized statement; or (3) the requestor has sent to the attorney general a complaint alleging that the requestor has been overcharged for being provided with a copy of the public information.

TEX. GOV'T CODE ANN. § 552.2615(b) (West 2012). In its brief, Texas Tech asserts that it allowed thirty days for Dolcefino's response, rather than ten, out of an abundance of caution.

6

Dolcefino did not (1) accept the estimated charges, (2) modify its requests, or (3) send a complaint to the attorney general within the statutory ten-day period, or even within Texas Tech's more generous thirty-day period. However, Dolcefino and Texas Tech did engage in what Dolcefino characterizes as a "back-and-forth" regarding the charges due. Dolcefino's principal, Wayne Dolcefino, testified that, due to the continuing negotiations, he understood that the requests were considered "properly submitted." Dolcefino maintains that the requests were not withdrawn or, alternatively, Texas Tech has waived its claim or is estopped from arguing that they were withdrawn.

As set forth above, the language of section 552.321 requires that a requestor may file suit only upon showing that the governmental body "refuses to supply public information" or "refuses to request an attorney general's decision." Implicit in this structure is the premise that there be a pending request for information—specifically, one for which the governmental entity has expressed an unwillingness to either supply the requested information or seek guidance from the attorney general. Under the framework established by the Legislature, Dolcefino had a limited time to do one of three things: accept the estimated charges, modify its request, or file a complaint with the attorney general. Dolcefino did none of those things. Even if the parties were continuing to negotiate, as Dolcefino claims, their ongoing parleying over price does not provide a basis for overriding the statutory scheme for responding to an estimate of charges under the PIA.[5] Consequently, Dolcefino's requests expired when time to act under the statute

---

[5] Additionally, the PIA provides a remedy for parties who believe they have been overcharged for being provided a copy of public information. *See* TEX. GOV'T CODE ANN. § 552.269 (West 2012); *see also City of Galveston*, 470 S.W.3d at 572 (where city offered to produce documents but requestor complained that cost estimate was too high, requestor failed to show that city was "unwilling" to supply the information).

expired.  In the absence of a pending request, there was no refusal to respond by Texas Tech.

As to Dolcefino's argument that Texas Tech waived or is estopped from making the claim that the requests were deemed withdrawn, waiver and estoppel do not generally apply to governmental entities.  *In re S.A.P.*, 156 S.W.3d 574, 577 (Tex. 2005); *Seguin v. Bexar Appraisal Dist.*, 373 S.W.3d 699, 714 (Tex. App.—San Antonio 2012, pet. denied). Dolcefino directs us to no authority indicating that this general rule should not apply here. We find no support for Dolcefino's contention that Texas Tech cannot rely on section 552.2615(b) merely because the parties had engaged in a "back-and-forth" regarding production.

Because Dolcefino's requests were properly deemed withdrawn following Dolcefino's failure to proceed as directed by Texas Government Code section 552.2615(b), Texas Tech was not "refus[ing] to supply public information," as to those requests as required for jurisdiction under section 552.321.  Therefore, the trial court erred in denying Texas Tech's plea to the jurisdiction as to those claims.

Requests for which Texas Tech Claimed No Responsive Information

The three remaining requests at issue are those for which Texas Tech answered that it had no responsive information.  In particular, on October 9 Dolcefino requested "any completed investigation into the alleged mistreatment of Adam Jones by Mike Leach," on October 11, Dolcefino requested "documents detailing the General Ledger Funds and Expenses of the Texas Tech Football Team," and on November 30, Dolcefino

requested "all publicly releasable documents including but not limited to any disciplinary action, internal investigation and or complaints filed against Kent Hance."

Texas Tech asserts that the trial court lacks jurisdiction over these three claims because the requested information does not exist. Specifically, Texas Tech maintains that it is not refusing to produce public information, but that it simply does not have the information, and a refusal to produce is a prerequisite to jurisdiction under section 552.321(a). As explained above, we agree that a suit for writ of mandamus under section 552.321 is only available when "the governmental body refuses to request an attorney general's decision" or when it "refuses to supply public information or information that the attorney general has determined is public information that is not excepted from disclosure," as set forth in the statute. TEX. GOV'T CODE ANN. § 552.321(a).

However, a movant in a plea to the jurisdiction must assert and support with evidence the trial court's lack of subject matter jurisdiction. *See Miranda*, 133 S.W.3d at 227-28. To establish that it was not refusing to supply public information, Texas Tech had to produce evidence supporting that claim.

As evidence that it had no responsive documents, Texas Tech directs us to the email replies that its associate general counsel sent to Dolcefino in response to the three referenced requests. The university's responses to the three requests were, respectively: (1) It had no documents regarding any alleged mistreatment of 'Adam Jones,' nor did it have a completed investigation report regarding Leach's mistreatment of Adam *James*, as the completion of that report was interrupted by litigation; (2) it did not have a "General

9

Ledger Funds and Expenses" specific to the football team, nor did it have the ability to create such a document; and (3) it had no documents responsive to the third request.

Dolcefino describes these responses as conclusory and argues that Texas Tech "produced no evidence showing that it searched for or produced responsive information." Dolcefino points to *City of El Paso v. Abbott*, 444 S.W.3d 315, 325 (Tex. App.—Austin 2014, pet. denied) (op. on reh'g), as an example of a more appropriate approach to the evidentiary burden. In *Abbott*, the court determined that the city had conclusively established for jurisdictional purposes that it was not refusing to produce public information where the city's jurisdictional evidence included three affidavits demonstrating the city searched extensively for documents responsive to the request, officially requested documents from named individuals, and produced to the requesting party all documents it was able to locate and obtain. *Id.* at 323-24.

We will first address the third of Dolcefino's requests (the November 30 request, identified as "R-32" by Dolcefino). A close reading of Dolcefino's live pleading, his second amended petition, discloses that Dolcefino did not ask the trial court to direct Texas Tech to produce this requested information via a writ of mandamus. So, that request was never a subject of contention requiring action by the trial court or us. We are prohibited from issuing advisory opinions and therefore will not render one regarding whether a supposed conclusory statement regarding "R-32" lies within the trial court's jurisdiction. *See Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 164 (Tex. 2004) (stating that a "judicial decision reached without a case or controversy is an advisory opinion, which is barred by the separation of powers provision of the Texas Constitution").

10

In regard to the October 9 request, Texas Tech informed Dolcefino that it had "no documents" regarding the purported "mistreatment of anyone by the name of 'Adam Jones' . . ." but provided that if Dolcefino meant "Adam James," it had an incomplete investigatory report. The university further explained that it "does not have a completed investigation report regarding Leach's mistreatment of Adam James as the completion of the report was interrupted by the litigation ensuing upon Coach Leach's termination." This supplemental information reveals that a report was started but not finished, and the reason why it was not finished. As sparse as this additional data may be, it nevertheless insulates Texas Tech's reply from a potential attack as conclusory. *See Duarte-Viera v. Fannie Mae*, No. 07-14-00271-CV, 2016 Tex. App. LEXIS 1854, at *4 (Tex. App.— Amarillo Feb. 23, 2016, no pet.) (mem. op.) (defining a conclusory statement as one that fails to provide the underlying facts to support the conclusion).

As to the October 11 request, the university responded that it "does not have the ability to create a 'General Ledger Funds and Expenses' report specific to the Texas Tech Football Team as you [Dolcefino] have requested . . . nor do we have any such document." Texas Tech's responses were authenticated through an affidavit signed by its associate general counsel, which was attached as evidence to its plea to the jurisdiction. Dolcefino did not produce any evidence to refute Texas Tech's evidence.

Through its responses, Texas Tech produced some evidence that it was not "refusing" to provide public information to Dolcefino. We recognize that the evidence provided by Texas Tech may lack the robustness of the evidence presented in *Abbott*. However, as noted by the court in *Abbott*, "the PIA provides no guidance regarding the efforts a governmental body must take to locate, secure, or make available the public

11

information requested." *Abbott*, 444 S.W.3d at 324-25. In the absence of legislative guidance, we decline to conclude that the evidence presented by Texas Tech is insufficient.

Because Texas Tech's evidence showed that it was not "refusing" to produce public information, and the evidence was not controverted by Dolcefino, there was no disputed fact on the jurisdictional issue. We find that Texas Tech adequately asserted and supported with evidence its position that the trial court lacked jurisdiction over these remaining claims. Therefore, the trial court erred in denying Texas Tech's plea to the jurisdiction as to these claims.

## Conclusion

We find that, because some of Dolcefino's PIA requests were withdrawn as a matter of law and because Texas Tech did not refuse to supply information in response to the remaining requests before us, the existence of jurisdiction has been negated. Therefore, we reverse the trial court's order denying Texas Tech's plea to the jurisdiction over the challenged requests and we remand the cause to the trial court to resolve any pending issues relating to other requests submitted by Dolcefino in a manner consistent with this opinion.[6]

Judy C. Parker
Justice

---

[6] As set forth in its Second Amended Plea to the Jurisdiction, Texas Tech did not contest the trial court's jurisdiction over two of Dolcefino's PIA claims. Additionally, Dolcefino submitted other PIA requests to Texas Tech in April of 2018. Any claims regarding those requests were not the subject of Texas Tech's plea to the jurisdiction and therefore were not before this Court for review.