# NO. 12-19-00381-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMES E. HORTON,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 173RD* |
| *V.* | | |
| | *§* | *JUDICIAL DISTRICT COURT* |
| *RON WELCH, INDIVIDUALLY AND*<br>*RON WELCH, AS MAYOR OF THE*<br>*CITY OF CANEY CITY, TEXAS,* | | |
| *APPELLEE* | *§* | *HENDERSON COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

James E. Horton appeals from a summary judgment favoring Ron Welch, individually and as Mayor of the City of Caney City, in Horton's suit against Welch brought pursuant to the Texas Public Information Act (TPIA).[1] In his sole issue, Horton contends the trial court erred in granting summary judgment in favor of Welch because the evidence raised a genuine issue of material fact regarding Welch's defense. We reverse and remand.

### BACKGROUND

Horton sent two separate requests for numerous records to the City and Mayor Welch. After Horton paid the required fees, the City, through Welch, gave him what it claims is all of the requested records. Although some documents were partially redacted, Welch complied with Horton's request to supply him with unredacted copies. Also, when prompted, Welch provided additional information regarding City issued debit cards.

Horton filed a suit pursuant to the TPIA, asserting that Welch did not fully comply with his request, and asking the trial court to issue a writ of mandamus directing the governing body of

---

[1] *See* TEX. GOV'T CODE ANN. § 552.321(a) (West Supp. 2019).

1

Caney City, acting through Welch, to fully comply. Welch filed a no evidence motion for summary judgment arguing that he provided Horton with all requested records and documents and Horton has no evidence to the contrary. Welch also filed a traditional motion for summary judgment in which he asserted that he fully complied with both open records requests and provided Horton with all records and documents requested. Horton filed a response to the motions for summary judgment in which he asked for a continuance until after discovery is complete. The trial court agreed to the continuance, and Horton deposed Welch. Horton filed a supplemental response to the motions for summary judgment contending that a genuine issue of material fact exists and asserted that a portion of the requested information was withheld. This response is supported by Horton's affidavit and Welch's deposition testimony in its entirety. The trial court granted both the no evidence and traditional motions for summary judgment.

### SUMMARY JUDGMENT

In his sole issue, Horton contends the trial court erred in granting Welch's no evidence and traditional motions for summary judgment. He argues that, since Welch did not refer the matter to the Texas Office of Attorney General for a ruling about whether the information may be withheld, it is presumed that the information is subject to public disclosure. He further argues that Welch's deposition testimony, in which he stated that he made no inquiry of council members regarding text messages and did not examine emails on his personal computer or personal computers belonging to council members, raises a fact question regarding whether Welch and the City complied with his requests.

**Standard of Review**

We review the trial court's decision to grant summary judgment de novo. *Tex. Mun. Power Agency v. Pub. Util. Comm'n*, 253 S.W.3d 184, 192 (Tex. 2007). After adequate time for discovery, a party without the burden of proof at trial may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense. TEX. R. CIV. P. 166a(i). Once a no evidence motion has been filed in accordance with Rule 166a(i), the burden shifts to the nonmovant to bring forth evidence that raises an issue of material fact on the challenged element. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).

A party moving for traditional summary judgment bears the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R.

CIV. P. 166a(c). A defendant who conclusively negates at least one of the essential elements of the cause of action or conclusively establishes an affirmative defense is entitled to summary judgment. *Frost Nat'l Bank v. Fernandez*, 315 S.W.3d 494, 508 (Tex. 2010). Once the defendant establishes his right to summary judgment as a matter of law, the burden shifts to the plaintiff to present evidence raising a genuine issue of material fact. *Simulis, L.L.C. v. Gen. Elec. Capital Corp.*, 439 S.W.3d 571, 575 (Tex. App.—Houston [14th Dist.] 2014, no pet.).

To determine if there is a fact issue, we review the evidence in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could do so, and disregarding contrary evidence and inferences unless reasonable jurors could not. *Gonzalez v. Ramirez*, 463 S.W.3d 499, 504 (Tex. 2015) (per curiam); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). More than a scintilla of evidence exists, and the evidence raises a genuine issue of fact, when the evidence rises to a level that would enable reasonable and fair minded jurors to differ in their conclusions in light of all the summary judgment evidence. *Goodyear Tire & Rubber Co. v. Mayes*, 236 S.W.3d 754, 755 (Tex. 2007) (per curiam).

**Applicable Law**

Under the TPIA, a governmental body must promptly produce "public information" on request unless an exception from disclosure applies and is timely asserted. TEX. GOV'T CODE ANN. §§ 552.101-.160, 552.221 (West 2012 & Supp. 2019). The statute provides:

> (a) In this chapter, 'public information' means information that is written, produced, collected, assembled, or maintained under a law or ordinance or in connection with the transaction of official business:
> (1) by a governmental body;
> (2) for a governmental body and the governmental body:
>    (A) owns the information;
>    (B) has a right of access to the information; or
>    (C) spends or contributes public money for the purpose of writing, producing, collecting, assembling, or maintaining the information; or
> (3) by an individual officer or employee of a governmental body in the officer's or employee's official capacity and the information pertains to official business of the governmental body.
> (a-1) Information is in connection with the transaction of official business if the information is created by, transmitted to, received by, or maintained by an officer or employee of the governmental body in the officer's or employee's official capacity, or a person or entity performing official business or a governmental function on behalf of a governmental body, and pertains to official business of the governmental body.
> (a-2) The definition of "public information" provided by Subsection (a) applies to and includes any electronic communication created, transmitted, received, or

3

> maintained on any device if the communication is in connection with the transaction of official business.

*Id*. § 552.002 (West Supp. 2019). "Official business means any matter over which a governmental body has any authority, administrative duties, or advisory duties." *Id*. § 552.003(2-a). Whether requested information is "public information" under the TPIA is a question of law. ***Fallon v. Univ. of Tex. MD Anderson Cancer Ctr.***, 586 S.W.3d 37, 47-48 (Tex. App.—Houston [1st Dist.] 2019, no pet.) (en banc op. on reh'g). The TPIA provides a statutory remedy of mandamus to a requestor when the governmental body refuses to supply public information or information that the attorney general has determined is public information that is not excepted from disclosure. TEX. GOV'T CODE ANN. § 552.321(a).

## Analysis

In his first request, among other items, Horton asked the City to provide him with "[c]opies of all text messages and emails of all city council members from November 2015 to January 7, 2019." Welch contends that he fully complied with this request. In his no evidence motion for summary judgment, Welch asserted that there is no evidence that he did not comply. Welch's traditional motion is supported by his affidavit in which he states the City Secretary performed a painstaking investigation and review of the City's file regarding Horton's open records requests, he fully complied with the requests, and he is not in possession of any additional records or documents responsive to the requests. Attached to the affidavit are numerous exhibits showing the exchange of communication between the parties regarding the requests. Included is a statement signed by Horton's attorney verifying receipt of "Open Record Documents," an email from the attorney requesting unredacted copies of "notice of ordinance violations" that show the name of the recipient, an email acknowledging that he received the unredacted versions, and a letter to Horton's attorney providing debit card information that was not previously included.

In his summary judgment response, Horton complained that "[n]o text messages were produced and none were searched for by the city; production of emails involved redacted documents and other emails were omitted from production." He asserted that emails between council members, emails to third parties from council members, and emails from third parties to council members were not provided to him. He presented Welch's deposition testimony and contends that evidence raises a fact question.

4

Welch testified that he and the City fully complied with the request for copies of all text messages and emails of all city council members from the specified dates. He also stated that he did not talk with any of the city council members to determine if their emails had been gathered by the City Secretary. He admitted that at least some of the City's business could have been conducted through his personal email address when he communicated with the City Secretary. Welch explained that he normally deletes his personal emails. He does not retain them "as a matter of course." Welch testified that the City Secretary did not go to his house, or to any council member's house, to examine their personal emails. Based on questioning, it appears that some emails sent to the City were produced but the address of the sender was redacted. Welch testified that he had no knowledge, prior to his deposition, that the addresses had been redacted. When asked to explain the reason for the redactions, he stated:

> Well, I think it was the – that this was a – referencing city records and records within the city, was what the understanding that we had at Caney City. And personal -- there's no phones that are owned by the city other than what I talked about. There's no computer network within the city. And that was, you know, what the redaction issues are or whatever, were about people's personal phones or personal e-mails.

Welch agreed that it is possible that two city council members might email each other about city business without his knowledge. He stated that the City does not, in the ordinary course of business, keep records of personal text messages and personal emails from one city council member to another. Therefore, he testified, it was impossible to comply with that request.

Welch testified that the requests were for records from Caney City, and there were no requests for any personal text messages or personal email addresses of any city council members. He identified each council member by name and stated that he did not ask any of them about whether they had any text messages responsive to Horton's request. He testified that he did not have a right to look at text messages on council members' personal phones. Also, he did not look for text messages of the council members because the request was directed to the City. He stated that the City Secretary did not examine anyone's personal phone for text messages.

Welch labored under a basic misconception of the law. Virtually all of the information in a governmental body's physical possession constitutes public information and, thus, is subject to the TPIA. *Id*. § 552.002(a)(1); Tex. Att'y Gen. OR2017-11337, 2017 WL 2457658, at *1 (May 24, 2017). However, the characterization of information as "public information" under the TPIA

is not dependent on whether the requested records are in the possession of an individual or whether a governmental body has a particular policy or procedure that establishes a governmental body's access to the information. Tex. Att'y Gen., 2017 WL 2457658, at *2. If the requested information is related to the City's business, the mere fact it is not in the City's possession does not remove the information from the scope of the TPIA. *Id*.

If an individual officer of the governmental body possesses information pertaining to official business of the governmental body, that information is subject to the TPIA. TEX. GOV'T CODE ANN. § 552.002(a)(3). This includes any electronic communication on any device if the communication is in connection with the transaction of official business. *Id*. § 552.002(a-2). The Attorney General has long held that public officials' personal emails about official business fall within the scope of the TPIA and are subject to disclosure under the terms of the TPIA. *See* Tex. Att'y Gen. OR2012-19216, 2012 WL 6100723, at *2 (November 29, 2012). A governmental body may not circumvent the applicability of the TPIA by conducting official business in a private medium. *Id*.

The TPIA provides no guidance regarding the efforts a governmental body must take to locate, secure, or make available the public information requested. *Tex. Tech Univ. v. Dolcefino Commc'ns, LLC,* 565 S.W.3d 442, 449 (Tex. App.—Amarillo 2018, no pet). However, it is clear that governmental bodies cannot fulfill the requirements of the TPIA by producing only documents in its possession when its officials possess documents that are subject to disclosure. Here, Welch testified that it is possible that he conducted official business through his personal emails, and it is possible that council members might email each other about the City's official business. Yet, because these were not records the City normally maintained, Welch deemed it impossible to produce such emails. And, he made no attempt to speak to council members to determine if they had any emails or text messages responsive to Horton's requests. Whether the requested documents are kept in the regular course of business is not the correct measure of a governmental body's duty of compliance with the TPIA. The focus of the statute is whether documents were in connection with the transaction of official business, regardless of where they are located.

In both motions, Welch asserted entitlement to summary judgment on the basis that he fully complied with Horton's requests. Horton's summary judgment evidence was responsive to both motions. We conclude the evidence raises a genuine issue of material fact as to whether Welch fully complied with Horton's requests by providing all texts and emails written in connection with

the transaction of official business of the City by a city council member.  *See Mayes*, 236 S.W.3d at 755.  Accordingly, the trial court erred in granting both Welch's no evidence motion for summary judgment and his traditional motion for summary judgment.  We sustain Horton's sole issue.


## DISPOSITION

Because the evidence raises a genuine issue of material fact, we *reverse* the trial court's judgment and *remand* the cause to the trial court for further proceedings.

**BRIAN HOYLE**
Justice

Opinion delivered April 8, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

7



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 8, 2020**

**NO. 12-19-00381-CV**

**JAMES E. HORTON,**
Appellant
V.
**RON WELCH, INDIVIDUALLY AND RON WELCH,
AS MAYOR OF THE CITY OF CANEY CITY, TEXAS,**
Appellee

Appeal from the 173rd District Court

of Henderson County, Texas (Tr.Ct.No. CV-19-0146-392)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was error in the judgment of the court below.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below be **reversed** and the cause **remanded** to the trial court for further proceedings. It is FURTHER ORDERED that all costs of this appeal are hereby adjudged against **RON WELCH, INDIVIDUALLY AND RON WELCH, AS MAYOR OF THE CITY OF CANEY CITY, TEXAS**, for which execution may issue, and that this decision be certified to the court below for observance.

Brian Hoyle, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*